MAYSVILLE & LEXINGTON TURNPIKE CO. *v.* G. C. KNIFFEN ET UX.

**Damages—General Rule.**

Vindictive or exemplary damages are such as are given against a defendant, who, in addition to the trespass, has been guilty of acts of outrage and wrong which cannot well be renewed by compensation in money.

**Same—Vindictive or Exemplary Damages.**

Such damages can only properly be given in cases of trespass or tort, accompanied by oppression, fraud, malice, or negligence so gross as to raise a presumption of malice.

**Same—Instruction—Turnpikes.**

Where a turnpike company may be guilty of not protecting its bridge-ways with side bars as a protection, and the plaintiff did by driving carelessly is injured by precipitation over same, an instruction predicated on the liability of the defendants for not keeping same in good repair is misleading and erroneous.

APPEAL FROM BOURBON CIRCUIT COURT.

December 10, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This was an action by Kniffen and wife against the Maysville & Lexington Turnpike Company to recover damages alleged to have been sustained by Mrs. Kniffen by reason of the rockaway

or cariage in which they and others were driving having been precipitated over a bridge or causeway on the road of said company across a mill race, near the town of Paris.

The jury were in effect instructed by the court that if the road was out of repair to such an extent as to render travel thereon dangerous, that this fact was known to the company and that they failed to repair the same after reasonable opportunity to do so, and that when appellees met with the accident complained of they were driving on the road with reasonable care and prudence, and that the accident was the result of the insecure condition of the road, that they might in their discretion give exemplary damages. The objection to this instruction is not that it is incorrect as an abstract proposition of law, but, that it was not authorized by the evidence in the case and was therefore calculated to mislead the jury. It appears from the evidence that the plaintiffs were not driving carefully and prudently at the time of the accident, and that the same might have been easily avoided by the use of ordinary care and vigilance. Further that whilst the bridge or causeway was not properly protected by a sufficient wall upon either side of the same, that it was out of repair to that extent, which indicates such want of regard for the safety of the travelling public as will raise a presumption of malice.

Vindictive or exemplary damages "are given against a defendant, who in addition to the trespass has been guilty of acts and outrage and wrong which cannot well be renewed by compensation in money," and can only properly be given in cases of "trespass or tort, accompanied by oppression, fraud, malice, *or negligence so gross as to raise a presumption of malice."*
*Bon. Laaw Dic., vol. 1, page 361; 2nd Duvall, 056; Sedgewick on Damages, 3rd Edition, page 26.*

The facts developed by this record fail to bring this case within either of these rules, and in our opinion the most that the appellees can legally claim, if anything, is compensatory damages. It was therefore erroneous to instruct the jury with a view of any other possible result, and as we cannot determine to what extent the jury may have been influenced by the instruction under consideration, we must reverse the judgment appealed from, and remand the cause for another trial upon principles consistent with this opinion.

*Huston, Alexander & Turney, for appelalnt.*
*Hanson & Hanson, Davis, for appellee.*